WEBSTER *et al. v.* OVENS.

*(Circuit Court, N. D. New York.* July 16, 1889.)

PATENTS FOR INVENTIONS—PRIOR USE.
   Letters patent No. 269,535, granted to Walter S. Ovens, December 26, 1882, for an improvement in cake-machines, claims as novel a machine with an intermittingly-moving endless apron for carrying the tray along as the cakes are deposited thereon, combined with a vertically-movable dough-box, and a pan-supporting table, and a material box and mechanism for moving one towards and away from the other, thus depositing the material in the pan. Defendant's machine had a stationary dough-box, with a vertically-moving apron, and it had been in public use for more than two years before the Ovens patent was applied for   *Held*, that a bill to restrain defendant's use of his machine as an infringement of the Ovens patent should be dismissed.

*James A. Allen*, for complainants.
*John J. Bonner*, for defendant.

BLATCHFORD, Justice.   This is a suit in equity brought by George B. Webster, Horace J. Harvey, and Francis J. Henry against Jeanette Ovens for the infringement of letters patent No. 269,535, granted to Walter S. Ovens, December 26, 1882, for an "improvement in cake-machines." Only claims 1 and 4 of the patent (there being 5 claims) are alleged to have been infringed.   In regard to the subject-matter of those claims the specification of the patent says:

   "Cakes such as my invention is adapted for making have heretofore been made by means of a canvas or rubber-cloth bag held and worked by the hands of the operator, the bag being provided with a small opening at the bottom. Into this bag a sufficient quantity of the soft cake material is placed, the opening at the bottom being kept closed by the hand until it is required to drop some of the material to form a cake, when the hand is opened slightly, and the necessary quantity drops onto the tray; or, if it does not flow fast enough, a slight pressure from the hand forces it out.   The bag is now quickly moved up, and, if required, the opening in the bag is closed by the hand. This operation drops and separates a sufficient quantity to form a cake, and is repeated until the tray is filled.   The object of my invention is to produce a machine for making such cakes more rapidly, more uniformly, and more cheaply than can be made by hand; and it consists of a cake-machine provided with the usual endless apron, and a suitable means for giving it an intermittent movement, in combination with a vertically-reciprocating dough-box provided with the usual follower and mechanism for forcing the dough or cake material through one or more openings in the bottom of the box. The object in making the dough-box movable vertically is that it may deposit a portion of the cake material upon the tray, from each opening, during its downward movement, and separate the same from the bottom at some point, during its upward movement, as will be more clearly hereinafter shown."

   The specification also describes, and the drawings of the patent show, a modification wherein the endless apron moves vertically up and down to and from a stationary dough-box.   Claims 1 and 4 are as follows:

   "(1) In a cake machine, an intermittingly-moving endless apron for carrying the tray along as the cakes are deposited thereon, in combination with a vertically-movable dough-box provided with a follower, $L^2$, and a suitable

mechanism, substantially as specified, for giving it the necessary movements." "(4) In a cake-machine, the combination, with a material box, of a pan-supporting table, and mechanism for vertically moving one towards and away from the other, whereby, when the machine is in operation, the material flows from the nozzle upon the pan, and, when the deposit is made, the connection between the deposit and the box breaks, substantially as set forth."

It is not contended that the defendant has not used mechanism covered by claim 4. The plaintiffs contend that claim 1 has also been infringed. In the defendant's machine the dough-box does not move vertically, but is stationary, and the endless apron moves vertically up and down to and from a stationary dough-box. The answer sets up in defense that, prior to the alleged invention by the patentee of the improvements covered by his patent, they were used at the city of New York by various persons named, and also at Chicago, Ill., by two persons named. This defense is satisfactorily established by the evidence in regard to claims 1 and 4, in respect of machines like that used by the defendant, with a vertically-moving endless apron. So, also, is the defense in regard to the same machines which the answer sets up were in public use by the same persons, and at the same places, for more than two years prior to the application of the patentee for his patent. The bill is dismissed, with costs.